**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CHRIS-LEEF GENERAL AGENCY, INC., et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**RISING STAR INSURANCE INC., et al.,** )<br>)<br>**Defendants.** )<br>) | Case No. 11-cv-2409-JAR |

### MEMORANDUM AND ORDER

Plaintiffs Chris-Leef General Agency, Inc., et al. bring this action against defendants Rising Star Insurance Inc., et al., alleging conversion, civil conspiracy, and violations of the Kansas Uniform Trade Secrets Act ("KUTSA"). The case is now before the Court on Plaintiffs' Motion to Remand (Doc. 8) and Defendants' Motion for Leave to File Sur-Reply in Response to Plaintiffs' Reply Memorandum (Doc. 19). The motions are fully briefed, and the Court is prepared to rule. As explained more fully below, the Court denies defendants' motion for leave to file a surreply and grants plaintiffs' motion to remand.

**I.      Background**

On May 27, 2011, plaintiffs filed their Complaint against defendants in the District Court of Johnson County, Kansas. Defendants timely removed the action to the United States District Court in Kansas on July 22, 2011, claiming that the action provided federal question jurisdiction because it involved "a controversy over the authorship and or ownership rights to a software program, which falls within the exclusive province of the Copyright Act 17 U.S.C. § 301."[1]

---

[1] Notice of Removal, Doc. 1, at 3.

Plaintiffs filed the Motion to Remand on August 18, 2011. In their motion, plaintiffs claim that defendants improperly removed the case. Plaintiffs assert that their state law claims do not fall within the province of the Copyright Act and are therefore not preempted by the Copyright Act. Without preemption, plaintiffs argue, their state law claims involve no federal question, and thus the Court does not have jurisdiction. Defendants respond by arguing that plaintiffs' misappropriation of trade secrets claims are preempted by federal copyright law. After plaintiffs filed a reply to defendants' response, defendants filed a motion for leave to file a surreply. Plaintiffs oppose the surreply and seek leave to file a surresponse if defendants' motion is granted.

## II.     Motion for Leave to File Surreply

Taking up the defendants' motion first, the Court finds that a surreply is not justified. Under D. Kan. R. 7.1(a) and (c), parties are permitted to file a dispositive motion, a response, and a reply. The Rule does not contemplate surreplies, and as such, surreplies are not typically allowed.[2] Courts only grant leave to file surreplies in rare circumstances, such as when the movant improperly raises new arguments in a reply.[3]

Here, no rare circumstances exist to justify a surreply. Plaintiffs did not raise any new arguments in their reply. Defendants, in fact, do not claim that plaintiffs raised new arguments. Defendants instead claim that plaintiffs mischaracterized defendants' arguments and, after additional research, defendants have found more authority to support their arguments against remand. The Court finds neither reason sufficient to justify a surreply. First, defendants'

---

[2] *See* D. Kan. R. 7.1; *Metzger v. City of Leawood*, 144 F. Supp. 2d 1225, 1266 (D. Kan. 2001).

[3] *King v. Knoll*, 399 F. Supp. 2d 1169, 1174 (D. Kan. 2005).

2

argument on plaintiffs' "mischaracterization" does not change the outcome of the Court's decision; so that portion of the surreply is moot.  Second, defendants cannot use a surreply to add additional arguments to supplement the incomplete research of their response; so that portion of the surreply is improper.  Therefore, the Court denies defendants' motion for leave to file a surreply and will not consider any arguments advanced in the surreply.  As such, the Court need not address plaintiffs' request for leave to file a surreponse.

### III.     Motion to Remand

Plaintiffs move to remand this case, stating that the Court lacks subject matter jurisdiction.  The Court must remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[4]  Federal courts must have a statutory basis for exercising subject matter jurisdiction.[5]  Because federal courts "are courts of limited jurisdiction, there is a presumption against federal jurisdiction."[6]  And so, courts must resolve doubtful cases in favor of remand.[7]

But remand is improper if the defendant properly removed a case to federal court that the plaintiff could have originally filed in federal court.[8]  The defendant, however, bears the burden of showing that jurisdiction is proper.[9]  When, as here, the action does not involve complete

---

[4] 28 U.S.C. § 1447(c).

[5] *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003).

[6] *Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

[7] *Thurkill v. Menniger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)).

[8] *Id.* (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

[9] *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

diversity of citizenship, the defendant must show federal question jurisdiction.  A court may exercise federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[10]  "'A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.'"[11]  Thus, the federal question must appear on the face of the well-pleaded complaint.[12]  As a result, the Court must not consider whether the claim implicates a federal defense—such as preemption—because the defense is not part of the plaintiff's well-pleaded complaint.[13]  "The plaintiff, therefore, is the master of his or her complaint, free to sidestep federal jurisdiction by pleading only state claims even where federal claims are also available."[14]

Here, plaintiffs' well-pleaded complaint only asserts state law claims.  Defendants argue, however, that the Court has jurisdiction because the Copyright Act preempts two of plaintiffs' claims, which both allege misappropriation of trade secrets under the KUTSA.[15]  While the analysis would normally end here because the Court must not consider whether the state law claims implicate a federal defense such as preemption, a corollary to the well-pleaded

---

[10]28 U.S.C. § 1331.

[11]*Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (quoting *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994)) (internal quotations omitted).

[12]*Caterpillar Inc.*, 482 U.S. at 392.

[13]*Id.* at 392–93.

[14]*In re Universal Serv. Fund Tel. Billing Practices Litig.*, 247 F. Supp. 2d 1215, 1223 (D. Kan. 2002) (citing *Caterpillar Inc.*, 482 U.S. at 393).

[15]While the plaintiffs assert multiple state law claims, defendants only argue that the misappropriation claims are preempted by the Copyright Act.  The Court will not consider the argument raised in defendants' surreply that the conversion claim is also preempted because defendants did not assert this argument in their response brief.

complaint—the "complete preemption doctrine"—may apply, making preemption more than merely a federal defense.[16]

In narrow circumstances, the United States Supreme Court has recognized that a federal court has jurisdiction over a claim purportedly based on state law when the claim in actuality can only be based on federal law.[17]  This occurs when a federal cause of action completely preempts the state law cause of action: "Once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law."[18]  Cases falling under this doctrine are thus different from cases where a defendant merely asserts preemption as a defense because the case is construed to arise under federal law instead of merely implicating a federal defense.[19]  Thus, if a state law claim falls under the complete preemption of a federal law, federal question jurisdiction is fulfilled.[20]

The Supreme Court, however, has narrowly construed the complete preemption doctrine and has warned that federal law only completely preempts state law "in statutes with 'extraordinary' preemptive force."[21]  In fact, the Supreme Court has only recognized complete preemption under three statutes: (1) claims under § 301 of the Labor Management Relations

---

[16]*See Caterpillar Inc.*, 482 U.S. at 392.

[17]*Id.*

[18]*Id.*

[19]*See id.*

[20]*See id.*

[21]*Id.*

Act,[22] (2) claims under § 1132 of the Employee Retirement Income Security Act,[23] and (3) claims under §§ 85 and 86 of the National Bank Act.[24]  The Supreme Court has not addressed whether the doctrine applies to the Copyright Act.[25]  The Tenth Circuit has also not addressed the issue.[26]  And other circuits that have addressed the issue give the doctrine varied treatment.[27]  Similarly, district courts within the Tenth Circuit inconsistently apply the doctrine to the Copyright Act.[28]

This Court, however, need not decide whether the Copyright Act provides complete preemption because, even if it did, its complete preemption would not apply here.  For the complete preemption doctrine to apply, the Court must first find that the state cause of action falls within the province of Copyright Act, such that it actually preempts the state law claim.  And the Court finds that the Copyright Act does not preempt claims for misappropriation of a trade secret under the KUTSA, and therefore no preemption is appropriate here.

Section 301 of the Copyright Act only preempts a state law claim when "(1) the work is

---

[22]*See Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists*, 390 US. 557, 560 (1968).

[23]*See Metro. Life Ins. v. Taylor*, 481 U.S. 58, 63–67 (1987).

[24]*See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6–7, 10 (2003).

[25]*See Miracorp, Inc. v. Big Rig Down, LLC*, No. 09-2049-KHV, 2009 WL 790189, at *4 (D. Kan. Mar. 24, 2009).

[26]*See id.*

[27]*Compare Ritchie v. Williams*, 395 F.3d 283 (6th Cir. 2005) (holding that the complete preemption doctrine applies to the Copyright Act), *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296 (2d Cir. 2004) (same), *and Rosciszewski v. Arete Assocs., Inc.*, 542 F.3d 859 (11th Cir. 2008) (same), *with Bd. of Chosen Freeholders of Cnty of Burlington v. Tombs*, 215 F. App'x 80 (3d Cir. 2006) (explaining that federal copyright law did not completely preempt the plaintiff's state claim).

[28]*Compare Pebble Creek Homes, LLC v. Upstream Images, LLC*, 547 F. Supp. 2d 1214 (D. Utah 2007) (stating that the Copyright Act completely preempted the plaintiff's state law claim), *with Black v. Kos*, No. 05-163 KBM/LCS, 2005 WL 4564587 (D.N.M Mar. 29, 2005) (finding that the Copyright Act does not provide complete preemption).

within the scope of the subject matter of copyright as specified in 17 U.S.C. §§ 102 and 103; and (2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106."[29]  To determine whether the rights granted under the state law are equivalent to the rights within the scope of the Copyright Act, courts must examine the elements of the state law claim and the elements of a claim under the Copyright Act.[30]  "[I]f a state cause of action requires an extra element, beyond mere copying, preparation of derivative works, performance, distribution or display, then the state cause of action is qualitatively different from, and not subsumed within, a copyright infringement claim and federal law will not preempt the state action."[31]  Therefore, the Court must determine if the state law claim requires an extra element.

Here, defendants argue that the Court should look not only at the elements of the two causes of action but also at plaintiffs' allegations to determine whether plaintiffs' state law claims are qualitatively different than a copyright infringement claim.  Defendants cites *Evolution, Inc. v. SubTrust Bank*[32] to support its argument.  In *Evolution, Inc.*, the court found that the Copyright Act preempted a misappropriation claim under the KUTSA because the plaintiffs in that case did not allege the extra element under the KUTSA.[33]  Thus, the *Evolution,*

---

[29]*Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 847 (10th Cir. 1993) (quotations and citations omitted).  No argument has been made that the work at issue in this case is not within the scope of the subject matter of the Copyright Act, and so the Court will focus only on the second requirement for preemption.

[30]*See Harolds Stores, Inc. v. Dillard Dept. Stores, Inc.*, 82 F.3d 1533, 1543 (10th Cir. 1996).

[31]*Gates Rubber Co.*, 9 F.3d at 847.

[32]342 F. Supp. 2d 943 (D. Kan. 2004).

[33]*Id.* at 962.

*Inc.* court looked to the factual allegations to determine whether preemption was appropriate.[34] While this approach is followed by some courts,[35] it is not endorsed by the Tenth Circuit.[36] The Tenth Circuit has made clear that a defendant "'takes the wrong approach by focusing its preemption analysis on the conduct alleged to support the two causes of action.'"[37] To properly determine whether a state claim asserts rights equivalent to those under § 106 of the Copyright Act, the Court must "compare the elements of the causes of action, not the facts pled to prove them."[38] Thus, following Tenth Circuit precedent, the Court examines only the elements of the two claims without determining whether the plaintiffs' allegations are sufficient to meet those elements.

In examining the elements of the two causes of action, the Court finds that misappropriation of a trade secret under the KUTSA requires an extra element not included in the elements for copyright infringement under the Copyright Act. To prove copyright infringement under the Copyright Act, a plaintiff must show "ownership of a valid copyright," and "copying of constituent elements of the work that are original."[39] In comparison, to prove misappropriation of a trade secret under the KUTSA, a plaintiff must show that it has possession of a valid trade secret, that the trade secret was disclosed or used without consent, and that the

---

[34]*See id.*

[35]*Id.*; *see also* Stephen *& Hayes Const., Inc. v. Meadowbrook Homes, Inc.*, 988 F. Supp. 1194, 1198 (N.D. Ill. 1998) (criticizing the Tenth Circuit approach used in *Harolds Stores, Inc.*).

[36]*Harolds Stores, Inc. v. Dillard Dept. Stores, Inc.*, 82 F.3d 1533, 1543 (10th Cir. 1996).

[37]*Id.* (quoting *Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 659 (4th Cir. 1993)).

[38]*Id.* (citing *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 847 (10th Cir. 1993); *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 229 (4th Cir. 1993); *Trandes Corp.*, 996 F.2d at 659).

[39]*Feist Publ'ns, Inc. v. Rural Tel. Serv., Co.*, 499 U.S. 340, 361 (1991).

defendant knew or should have known that the trade secret was acquired by improper means.[40] Because plaintiffs are required to prove improper means, the claim for misappropriation of trade secrets under KUTSA requires an extra element, making it qualitatively different form copyright infringement under the Copyright Act.

The Tenth Circuit has, in fact, already compared these same elements and come to the same conclusion.[41] In *Gates Rubber Co. v. Bando Chemical Industries, Ltd.*, the Tenth Circuit examined the Colorado Uniform Trade Secrets Act ("CUTSA")—which is identical to the KUTSA—and found an extra element beyond that required for copyright infringement under the improper means element.[42] "Improper means" under both the CUTSA and KUTSA "includes theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means."[43] In *Gates Rubber Co.*, the court stated that "breach of a duty of trust or confidence 'is the gravamen of such trade secret claims and supplies the extra element that qualitatively distinguishes such trade secret causes of action from claims for copyright infringement that are based solely on copying.'"[44] The court did not discuss the other improper means listed in the misappropriation statute, but all of the other improper means similarly require something more than merely copying. Thus, no matter how a plaintiff chooses to prove the improper means element, it must prove something more than mere copying. And as

---

[40]*See* K.S.A. § 60-3320(2); see also *Gates Rubber Co.*, 9 F.2d at 847 (listing the requirements for an act identical to the KUTSA).

[41]*See Gates Rubber Co.*, 9 F.2d at 846–48.

[42]*Id.* at 848.

[43]*See* Colo. Rev. Stat. § 7-74-102; K.S.A. § 60-3320.

[44]*Gates Rubber Co.*, 9 F.2d at 847–48.

9

a result, the improper means element qualitatively distinguishes a KUTSA claim from a copyright infringement claim.  Therefore, following the Tenth Circuit's guidance in *Gates Rubber Co.*, this Court similarly finds that the Copyright Act does not preempt a misappropriation of trade secrets claim under the KUTSA.

Because the Copyright Act does not preempt the state law claims in this case, the Court need not determine whether the Copyright Act's preemption is "complete preemption"—no preemption applies, complete or otherwise.  And without application of the complete preemption doctrine, plaintiffs' state law claims cannot be construed to arise under federal law.  Thus, this Court is without jurisdiction over the case and must remand it to state court.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion for Leave to File Sur-Reply in Response to Plaintiffs' Reply Memorandum (Doc. 19) is **DENIED**.

**IT IS FURTHER ORDERED BY THE COURT** that plaintiffs' Motion to Remand (Doc. 8) is **GRANTED**.

**IT IS SO ORDERED**.

Dated: October 24, 2011

 S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE